UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * *

Larry Loving,

Petitioner,

ERRATA

Lou Stender,

Respondent,

Civ. No. 00-885 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of June, 2000.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, as authorized by Title 28 U.S.C. §636(b)(1)(A), upon the Petitioner's Application to Proceed in forma pauperis. On June 7, 2000, this Court inadvertently issued its Order and Report, which recommended that the Petitioner's Motion to Proceed in forma pauperis be denied as moot. We issue this Order and Report and Recommendation, to rectify that prior inadvertence, and we vacate our Order and Recommendation of June 7, 2000, as having been improvidently issued.

On December 15, 1997, the Petitioner filed his request for a Writ of Habeas Corpus, together with the $5.00 statutory filing fee, and an Application to Proceed in forma pauperis. Although the Prison Litigation Reform Act ("PLRA"), Title 28 U.S.C. §1915(b)(1),

FILED JUN 08 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

requires that, in civil actions commenced by prisoners, an initial partial filing fee must be paid before the action is filed, all of the Circuits, which have considered the issue, have held that Petitions for Writs of Habeas Corpus are not governed by the mandatory fee requirement of the PLRA. See, In re Phillips, 133 F.3d 770, 770-71 (10th Cir. 1998); Pena v. United States, 122 F.3d 3, 4 (5th Cir. 1997); Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997); Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); United States v. Levi, 111 F.3d 955, 956 (D.C. Cir. 1997); Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997); Anderson v. Singletary, 111 F.3d 801 (11th Cir. 1997); Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997); Santana v. United States, 98 F.3d 752, 755-56 (3rd Cir. 1996); Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996); Reyes v. Keane, 90 F.3d 676, 678 (2nd Cir. 1996).

Although our Court of Appeals has not ruled on the issue, in light of this unanimity, we find that the Petitioner's Application to proceed in forma pauperis is properly before the Court. However, having reviewed the Petitioner's Application, we find that he is not entitled to proceed in forma pauperis. Here, the Plaintiff has supplied a prison trust account statement certifying that he maintains a current prison account balance of $21.17. Also, during the six month period immediately preceding the filing of the

Complaint, the average monthly deposits into the Petitioner's trust account equaled $78.76, and his average monthly balance was $8.32. Consequently, we find that the Petitioner's submission of an initial $5.00 filing fee was appropriate.

NOW, THEREFORE, It is --

ORDERED:

That the Respondent show cause, within 20 days from the date of this Order, why relief should not be granted:

1. By making a Return in writing;

2. By filing with the Court a reasoned memorandum of law and fact fully stating the Respondent's legal position, and views on the need for this Court to conduct an evidentiary hearing on the merits of the Petition given the requirements of the applicable statutes and the pertinent United States Supreme Court authorities.

Absent compliance with this Order within the 20 day period, the Court will entertain a motion to grant relief to the Petitioner forthwith.

AND, It is --

RECOMMENDED:

That the Petitioner's Application to Proceed in forma pauperis [Docket No. 2] be denied.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 23, 2000**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 23, 2000**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.