UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Larry Loving,

Petitioner,

vs. REPORT AND RECOMMENDATION

Lou Stender,

Respondent. Civ. No. 00-885 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of February, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2254. The Petitioner appears pro se, and the Respondent appears by Jeanne L. Schleh, Assistant Ramsey County Attorney.

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

## II. Factual and Procedural Background

The Petitioner informs us that he is a State prisoner, who was convicted on April 24, 1998, for third-degree criminal sexual conduct. He is currently serving an 88-month sentence at the Minne-

FEB 13 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

14

sota Correctional Facility, in Moose Lake, Minnesota ("MCF-Moose Lake"). The Petitioner directly appealed his conviction, arguing that the Trial Court erred by: (1) excluding certain witness testimony, (2) allowing the Jury to separate during deliberations, (3) denying his right to a Speedy Trial, (4) denying his right to an impartial Jury, and (5) prohibiting the introduction of certain impeachment evidence. On appeal, the Petitioner's conviction was affirmed on September 14, 1999. See, State v. Loving, No. C0-98-1567, 1999 WL 486565 (Minn. App., July 13, 1999), rev. denied (Minn., Sept. 14, 1999).

In his current Petition, the Petitioner asserts that his Sixth, and Fourteenth Amendment rights to due process, were violated when the Trial Court excluded evidence relating to the alleged fabrication of a prior rape involving the victim, as well as evidence of bad character concerning a corroborative witness. See, Petition, at 5. The Petitioner also claims that his Fifth, Sixth, and Fourteenth Amendment rights to due process, were violated when the Trial Court allowed the Jury to separate during deliberations, without his consent. Id. at 5-6. Finally and, once again, the Petitioner contends that he was denied the opportunity to produce evidence which demonstrated that the victim fabricated a rape in 1994. Id. at 6. Liberally construing these averments in the Petitioner's favor, it is clear that the Petitioner never presented his

constitutionally-based Jury separation claim to the Minnesota Court of Appeals. As such, the Petitioner's Petition contains both exhausted, and unexhausted claims, thereby subjecting his claim to dismissal, but without prejudice.[1]

III. Discussion

A. Standard of Review. Even where a Federal Habeas Petition properly presents Federal constitutional claims, the Court "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim to the State Courts, the petitioner is required to refer to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim before the State Courts. See,

[1]On February 7, 2000 the Petitioner filed another Petition with this Court, which alleged that he suffered from prosecutorial misconduct when, during his Trial, the prosecuting attorney stated that several prosecution witnesses had no reason to give false testimony. Also, the Petitioner asserted that his State Court conviction was invalid because his right to a fair Trial was violated through the exclusion of certain evidence, and testimony, and because the Trial Court erred in allowing the Jury to separate during deliberations. However, because the Petitioner never presented his prosecutorial misconduct claim to the Minnesota Court of Appeals, his Petition was dismissed, by the District Court, on March 20, 2000.

Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)(en banc), cert. denied, 517 U.S. 1215 (1996).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Petition, must navigate the narrow channel between the Scylla of exhaustion, and the Charybdis of procedural default. Section 2254(b)(i) precludes the issuance of a Writ of Habeas Corpus if the Petitioner has not first presented his claim for relief to the State Courts. See, Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Under this doctrine, a claim has not been exhausted in the State Courts unless the same factual grounds and legal theories, that were asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should, ordinarily, have the first opportunity to determine whether a particular exercise of police power comports with the Constitution. See, Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

The exhaustion requirement does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C.

§2254(b) (1)(B)(ii); Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). The Supreme Court has explained that the futility exception applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If, for example, it is clear that the State Courts would find the claim to be procedurally barred, and that a return to the State Courts would be futile, then the Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo, supra at 1381; but, cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when it is possible that the State Court would make an exception to procedural default rule and reach the merits of the petitioner's claim), cert. denied, 498 U.S. 986 (1990). Or, if the petitioner raises an unexhausted claim, where the State Supreme Court has recently issued a decision on the same question of law under almost identical facts, any resort to State Court remedies would be futile. See, Hawkins v. Higgins, supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996)(exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile). The burden rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his

post-conviction claims to the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 18 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. See, Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[2] Id.

B. Legal Analysis. Despite the limited Record before us, it is quite evident that this is a "mixed" Petition, in which the Petitioner has no chance of prevailing. Id. As is evident from a review of the Petitioner's Appellate Brief to the Minnesota Court of Appeals, his due process jury separation claim was never presented for review in the State Courts. Instead, in his direct appeal to the Minnesota Court of Appeals, the Petitioner argued

[2]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see, also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claim were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

that, by separating the Jury during deliberations, without his consent, the Trial Court violated Rule 26.03, Subdivision 5(1), Minnesota Rules of Criminal Procedure, which provides, in relevant part, as follows:

> In the Discretion of the Court. During the period from the time the jurors are sworn until they retire for deliberation upon their verdict, the court, in its discretion, may * * * permit them * * * to separate during recess and adjournments * * * . With the consent of the defendant the Court, in its discretion, may allow the jurors to separate over night during deliberation.

See, Appellant's Brief, at 18.[3]

However, the Petitioner never asserted that the Trial Court's decision to separate the Jury violated his rights under the Due Process Clause. Rather, the Petitioner raised this argument, for the first time, in his Federal Petition for a Writ of Habeas Corpus. In short, the Petitioner has not afforded the highest State Court, to which an appeal as of right may be taken, a fair opportunity to rule upon the legal substance of this claim. See, Picard v. Connor, 404 U.S. 270, 275-78 (1971).

As we have noted, it is axiomatic that a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies

[3]Although the Minnesota Court of Appeals agreed with the Petitioner's argument, it denied his request for relief, because he had failed to prove that he was prejudiced by the Trial Court's error. See, State v. Loving, No. C0-98-1567, 1999 WL 486565 at *2 (Minn. App., July 13, 1999), rev. denied (Minn., Sept. 14, 1999).

by presenting the State Courts with a fair opportunity to rule upon the claims that are presented in his Federal Petition. See, Picard v. Conner, supra at 275; Duncan v. Henry, supra at 888; Joubert v. Hopkins, supra at 875-76. Resort to Federal Habeas relief is not in lieu of a State Court appeal. Brown v. Allen, 344 U.S. 443, 485 (1953); Ashker v. Leapley, supra at 1179. The exhaustion requirement of the Federal Habeas Statute is based upon the principle that, "as a matter of comity, Federal courts should not consider a claim in a Habeas Corpus petition until after State Courts have had an opportunity to act." Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996 (8th Cir. 1995), quoting Rose v. Lundy, 455 U.S. 509, 515, (1982).

In the present case, the Petitioner has not submitted evidence that his Federal claim -- that his due process rights were violated when the Jury separated without his consent -- was first presented to the Minnesota State Courts. Further, the Petitioner has failed to argue, or demonstrate, that a resort to State Court remedies would have been futile. Accordingly, because the Petitioner faces an insuperable bar to success on his Petition because of his failure to exhaust, his Petition should be summarily dismissed, but without prejudice.

NOW, THEREFORE, It is --

RECOMMEND:

1. That the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed, without prejudice.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 5, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 5, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.